KEMNITZER, BARRON & KRIEG, LLP
KRISTIN KEMNITZER        Bar No. 278946
ADAM J. McNEILE        Bar No. 280296
42 Miller Ave., 3rd Floor
Mill Valley, CA  94941
Telephone:  (415) 632-1900
Facsimile:  (415) 632-1901
kristin@kbklegal.com
adam@kbklegal.com

BALAM O. LETONA        Bar No. 229642
LAW OFFICE OF BALAM O. LETONA, INC.
1509 Seabright Ave., Ste. C1
Santa Cruz, CA  95062
Telephone:  (831) 421-0200
Facsimile:  (831) 421-0400
balam@letonalaw.com

Attorneys for Plaintiffs ALMA URIBE and ARCADIA GALLARDO, on behalf of themselves and the putative class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMA URIBE and ARCADIA GALLARDO, | **Case No. 4:20-cv-04666-JST** |
| Plaintiffs, | <u>CLASS ACTION</u> |
| vs. | **FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION FOR VIOLATION OF** |
| FORD MOTOR CREDIT COMPANY LLC; | |
| Defendant. | |
| | **(1) THE REES-LEVERING AUTOMOBILE SALES FINANCE ACT, CIVIL CODE §2981, *ET SEQ.*** |
| | **(2) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CIVIL CODE §1788, *ET SEQ.*** |
| | **(3) THE UNFAIR COMPETITION LAW, BUSINESS AND PROFESSIONS CODE §17200, *ET SEQ.*** |
| _____/ | <u>JURY TRIAL DEMANDED</u> |

Plaintiffs ALMA URIBE ("URIBE") and ARCADIA GALLARDO ("GALLARDO" and together with URIBE, "Plaintiffs"), on behalf of themselves and all others similarly situated,

1  complain against Defendant FORD MOTOR CREDIT COMPANY LLC ("FMCC" or

2  "Defendant"), and on information and belief, allege the following:

3                              **PRELIMINARY STATEMENT**

4  1.       Plaintiffs bring this action under the Rees-Levering Automobile Sales Finance Act, Civil

5  Code §2981, *et seq.* (the "Rees-Levering Act"); the Rosenthal Fair Debt Collections Practices

6  Act, Civil Code §1788, *et seq.* (the "Rosenthal Act"); the Unfair Competition Law, Business &

7  Professions Code §17200, *et seq.* (the "UCL"), and other applicable laws, on behalf of

8  themselves and all others similarly situated, to challenge the unlawful, unfair and deceptive

9  practices of FMCC following the repossession of Plaintiffs' and the putative class' motor

10 vehicles under a conditional sales contract.

11 2.       In particular FMCC failed to provide Plaintiffs and the class with a statutorily-mandated

12 notice of their legal rights and obligations after repossession of their motor vehicles. Plaintiffs

13 seek appropriate relief for themselves and the class, as well as attorneys' fees, costs and

14 expenses.

15 3.       FMCC wrongfully deprived Plaintiffs and the putative class of their right to reinstate or

16 redeem their conditional sales contracts after repossession, negligently and/or fraudulently

17 misrepresented the rights and obligations of the parties following repossession, collected, or

18 sought to collect, a deficiency from Plaintiffs and the putative class following repossessions for

19 which Plaintiffs and the putative class are not liable as a matter of law.

20 4.       FMCC's statutory post-repossession notice ("Statutory Notice" or "NOI") is a form

21 document. FMCC sent the Statutory Notice to all members of the putative class. FMCC is not

22 entitled to collect on any alleged deficiency balances from members of the putative class who

23 received such Statutory Notice, and Plaintiffs are seeking to enjoin these collection activities,

24 among other things, pursuant to the UCL, as set forth in the prayer for relief.

25 5.       FMCC's attempts to collect from Plaintiffs and the putative class also constitute

26 violations of the Rosenthal Act.

27 6.       Plaintiffs seek appropriate relief, as well as attorneys' fees, costs and expenses.

28 7.       Pursuant to Business and Professions Code §17203, Plaintiffs seek an injunction that

FMCC do the following:

(a)     FMCC shall identify the accounts for members of the class who received a Statutory Notice in the form of **Exhibit C** where a deficiency balance was assessed, and shall change those account records to reflect a zero balance on such account;

(b)     FMCC shall not accept any payments from any person who received a Statutory Notice in the form similar to **Exhibit C**;

(c)     FMCC shall take all steps necessary to cease all efforts to collect the alleged deficiency balances of members of the class who received a Statutory Notice in the form of **Exhibit C**. This includes, but is not limited to recalling all accounts from outside agencies, recalling all such accounts that have been assigned to legal counsel, and dismissing all pending legal actions to collect a deficiency balance on any such account;

(d)     FMCC shall instruct TransUnion, Equifax, and Experian to delete all trade lines with respect to accounts of those members of the class who received a Statutory Notice in the form of **Exhibit C**;

(e)     FMCC shall cease issuing Statutory Notice to California consumers in the form of **Exhibit C**; and

(f)     FMCC shall cease filing collection suits for deficiency balances in which FMCC fails to comply with Civ Code §2983.8(b) by failing to file an affidavit of compliance.

## **PARTIES**

8.     Plaintiff ALMA URIBE is an individual who currently and all times relevant thereto resides in California, County of Alameda.

9.     Plaintiff ARCADIA GALLARDO is an individual who currently and all times relevant thereto resides in California, County of Santa Cruz.

10.     Defendant FMCC is a Delaware limited liability company which, at all times relevant herein, was conducting business in the State of California. FMCC is a financial institution engaged in the business of providing financial services, including credit for the purchase and sale of automobiles under conditional sale contracts.

## **JURISDICTION AND VENUE**

11.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims in this case occurred in this District.

12.     This Court has jurisdiction over Plaintiffs' claims because this action is a civil class action of which this Court has original jurisdiction under 28 U.S.C. §1332(d)(2).

**ACTS OF DEFENDANT**

**A.     Alma Uribe**

13.     URIBE purchased a new 2018 Ford F-150, VIN 1FTEX1CBXJKE67081 in California on July 4, 2018. The total purchase price of the vehicle, including tax and licensing, was $47,585. URIBE's payments were $684.75 per month for 60 months.

14.     The dealership arranged the financing for the purchase through FMCC, which accepted assignment of the conditional sale contract. The conditional sale contract (the "Uribe Form Agreement") is regulated by the Rees-Levering Automobile Sales Finance Act, and provided that any holder of the contract is subject to all claims and defenses that the consumer could assert against the seller. A true and correct copy of the Uribe Form Agreement is attached hereto as **Exhibit A**.

15.     URIBE was unable to stay current on her car payments. In or around January 2019, FMCC repossessed URIBE's Vehicle.

16.     FMCC then mailed a Statutory Notice to URIBE that stated that her vehicle had been repossessed and would be sold unless they reinstated their contract or redeemed the vehicle.

17.     URIBE's Statutory Notice did not contain several of the disclosures mandated by Civil Code §§2983.2(a)(1)-(a)(9).

18.     FMCC then sold URIBE's vehicle.

19.     FMCC assessed a deficiency balance against URIBE.

20.     FMCC then sued URIBE to collect the alleged deficiency balance of $11,361.80 and subsequently dismissed that lawsuit without prejudice.

21.     URIBE suffered injury in fact and has lost money or property as a result of the unlawful, unfair and fraudulent acts and practices FMCC challenged herein. Because URIBE had no meaningful opportunity to recover the vehicle, URIBE lost her personal property. Because FMCC illegally assessed a deficiency against URIBE, despite noncompliance with the Rees-Levering Act, URIBE has been subject to unlawful debt collection activity. To the extent that FMCC has reported information related to any deficiency, this has caused URIBE to suffer damage to her credit. And, because FMCC has attempted to collect on the illegal deficiency

1    balance from URIBE, URIBE has had to undertake the burden of seeking assistance from third

2    parties, and has lost money or property as a result, including paying for transportation to attend

3    legal clinics and meetings with service providers.

4    **B.      Arcadia Gallardo**

5    22.     GALLARDO purchased a new 2016 Ford Mustang, VIN 1FA6P8CF4G5318081 in

6    California on May 22, 2016. The total purchase price of the vehicle, including tax and licensing,

7    was $60,705.00. GALLARDO's payments were $1,011.75 per month for 60 months.

8    23.     The dealership arranged the financing for the purchase through FMCC, which accepted

9    assignment of the conditional sale contract. The conditional sale contract (the "Gallardo Form

10   Agreement") is regulated by the Rees-Levering Automobile Sales Finance Act, and provided that

11   any holder of the contract is subject to all claims and defenses that the consumer could assert

12   against the seller. A true and correct copy of the Gallardo Form Agreement is attached hereto as

13   **Exhibit B**.

14   24.     GALLARDO was unable to stay current on her car payments. In or around April 2018,

15   FMCC repossessed GALLARDO's vehicle.

16   25.     FMCC then mailed a Statutory Notice to GALLARDO that stated that her vehicle had

17   been repossessed and would be sold unless she reinstated her contract or redeemed the vehicle. A

18   true and correct copy of the Statutory Notice is attached hereto as **Exhibit C**.

19   26.     FMCC refused to grant GALLARDO her statutory rights as set forth in the notice, and

20   required her to perform additional undisclosed actions as conditions precedent to reinstatement.

21   In addition, GALLARDO's Statutory Notice did not contain several of the disclosures mandated

22   by Civil Code §§2983.2(a)(1)-(a)(9).

23   27.     FMCC then sold GALLARDO's vehicle.

24   28.     FMCC assessed a deficiency balance against GALLARDO.

25   29.     FMCC then sued GALLARDO to collect the alleged deficiency balance of $27,965.06

26   and subsequently dismissed that lawsuit without prejudice.

27   30.     GALLARDO suffered injury in fact and has lost money or property as a result of the

28   unlawful, unfair and fraudulent acts and practices FMCC challenged herein. Because

1   GALLARDO had no meaningful opportunity to recover the vehicle, GALLARDO lost her

2   personal property. Because FMCC illegally assessed a deficiency against GALLARDO, despite

3   noncompliance with the Rees-Levering Act, GALLARDO has been subject to unlawful debt

4   collection activity. To the extent that FMCC has reported information related to any deficiency,

5   this has caused GALLARDO to suffer damage to her credit. And, because FMCC has attempted

6   to collect on the illegal deficiency balance from GALLARDO, GALLARDO has had to

7   undertake the burden of seeking assistance from third parties, and has lost money or property as

8   a result, including paying for transportation to attend legal clinics and meetings with service

9   providers.

10              **THE REES-LEVERING ACT, CIVIL CODE §2981, *ET SEQ.***

11   31.    Plaintiffs' rights to a particularized Statutory Notice after repossession is established by

12   the provisions of the Rees-Levering Act. The Rees-Levering Act regulates the repossession and

13   disposition of motor vehicles financed under conditional sale contracts in California, and, among

14   other provisions, imposes strict disclosure requirements on financial institutions, such as FMCC,

15   following repossession and requires the consumer be afforded a right to cure their default upon

16   performance of specific requirements.

17   32.    In order to protect consumers' valuable property interests in financed vehicles, and afford

18   buyers a full opportunity to make an informed decision as to whether to exercise their statutory

19   right to redemption or reinstatement, the Rees-Levering Act requires that, prior to the sale of the

20   vehicle, a detailed Statutory Notice must be given to the buyer following repossession. Civil

21   Code §2983.2(a) specifies the precise information and disclosures that must be included in the

22   Statutory Notice in order to comply with the law.

23   33.    Absent strict compliance with the mandatory requirements for the Statutory Notice, no

24   one may lawfully collect <u>any</u> deficiency from <u>any</u> person liable under a Form Agreement

25   following disposition of the repossessed vehicle. The Rees-Levering Act specifically provides

26   that those persons "shall be liable for any deficiency <u>only if</u> the notice prescribed" contains "<u>all</u>"

27   of the disclosures mandated by the statute. Civil Code §2982.2(a) (emphasis added).

28   34.    The Rees-Levering Act further specifies that "no deficiency judgment shall lie in any

1   event," against a person otherwise liable under a Form Agreement after the repossession and

2   disposition of a vehicle unless a court has determined, upon affidavit, or a hearing if the court so

3   requires, that the sale or other disposition was in conformity with the provisions of the Rees-

4   Levering Act. Civil Code §2983.8.

5   35.     The Form Agreements executed by Plaintiffs also contain a contractual promise and

6   representation that the subject vehicle will not be sold after a repossession without first giving

7   the borrower the notice "provided by law." As a result of this provision, FMCC and its

8   successors in interest contractually agreed to issue the Statutory Notices complying with the law

9   in effect at the time of any repossession.

10  36.     The Statutory Notice that FMCC issued to Plaintiffs following the repossession of their

11  vehicles was materially defective and incomplete, and failed to inform Plaintiffs of all of their

12  legal rights and obligations.

13  37.     Specifically, the Statutory Notices sent by FMCC fail to comply with the strict

14  requirements of the Rees-Levering Act for the reasons set forth below (*see* **Exhibit C**, Statutory

15  Notice):[1]

16      (a)     **Violation of Civil Code §2983.2(a)(1), Regarding the Consumer's Right to**
17              **Redeem the Vehicle**

18          Persons liable under Form Agreements owe a deficiency balance only if the Statutory

19  Notice "[s]ets forth that those persons shall have a right to redeem the motor vehicle by paying in

20  full the indebtedness evidenced by the contract until the expiration of 15 days from the date of

21  giving or mailing the notice and provides an itemization of the contract balance and of any

22  delinquency, collection or repossession costs and fees and sets forth the computation or estimate

23  of the amount of any credit for unearned finance charges or canceled insurance as of the date of

24  the notice."

25          The FMCC Statutory Notice fails to comply with the requirements of this provision

26  because it:

---

[1] Upon information and belief, URIBE received the same form Statutory Notice that GALLARDO received, which contains the same defects set forth herein.

i.      Fails to set forth how funds must be paid (i.e. whether by cashier's check or certified funds) in order to redeem the Vehicle.

ii.     Fails to instruct the borrower exactly how much must be paid and to whom in order to redeem their vehicle. Instead, the NOI states that "[y]ou will also be responsible for expenses that are incurred, or may become due that are either unknown or unavailable to the Creditor."

iii.    Fails to list any storage fees that would be due to the tow yard or auction house.

iv.    Fails to set forth the estimated refund on insurance premiums, despite Plaintiff having purchased GAP insurance.

v.     Fails to provide an itemization of the contract balance because it fails to itemize separately the principal and unpaid finance charges on the account and instead discloses only a lumpsum for the contract balance.

Due to the above failures, the consumer cannot ascertain how much to pay at any point during the redemption period or the extension thereof in order to redeem the vehicle.

**(b)    Violation of Civil Code §2983.2(a)(2), Regarding the Consumer's Right to Reinstate the Contract**

Persons liable under Form Agreements owe a deficiency balance only if the Statutory Notice "[s]tates either that there is a conditional right to reinstate the contract until the expiration of 15 days from the date of giving or mailing the notice and all the conditions precedent thereto or that there is no right of reinstatement and provides a statement or reasons therefore."

The FMCC Statutory Notice fails to comply with the requirements of this provision because it:

i.      Fails to set forth how funds must be paid (i.e. whether by cashier's check or certified funds) in order to reinstate the contract.

ii.     Fails to instruct the borrower exactly how much must be paid and to whom in order to reinstate the Form Agreement for the vehicle. Instead, the NOI states that "[y]ou will also be responsible for expenses that are incurred, or may become due that are either unknown or unavailable to the Creditor."

iii.    Fails to itemize all payments that may become due during the reinstatement period. The NOI states "[i]f you choose to extend your time to reinstate (see below for further explanation) additional payment(s) may become due during the extension period. If so such payment(s) will not be required as a condition of reinstatement. However, you will still remain responsible for such payment(s) under the contract." This statement is false because if a borrower were behind on payments, the vehicle could be repossessed again as soon as the borrower reinstated the contract.

iv.    Fails to list a space for the late fee to become due. In the case of Gallardo's contract, the late fee would have become due on the 16th of the month.

v.     Fails to list any storage fees that would be due to the tow yard or auction house.

"[I]n requiring creditors to state 'all the conditions precedent' to reinstatement, the Legislature intended that creditors provide sufficient information to defaulting buyers to enable them to determine precisely what they must do in order to reinstate their contracts." *Juarez v. Arcadia Fin., Ltd.* (2007) 152 Cal.App.4th 889, 899. The FMCC Statutory Notice fails to do this and thus violates Civil Code §2983.2(a)(2) because it requires the consumer to make further inquiry as opposed to setting forth the exact amount needed to reinstate on any particular day.

### (c)    Violation of Civil Code §2983.2(a)(5), Pertaining to Designating the Name and Address of the Person or Office to Whom Payment Shall be Made

Civil Code §2983.2(a)(5) requires that the NOI "[d]esignates the name and address of the person or office to whom payment shall be made." FMCC's notice expressly fails to comply with this requirement because it states that "[y]ou will also be responsible for expenses that are incurred, or may become due that are either unknown or unavailable to the Creditor." By definition, there is no way for the consumer to know the name and address of the person of office to whom payment shall be made if FMCC fails to list the name and address for all payments. This one statement undermines the entire statutory scheme of the Rees-Levering Act.

### (d)    Violation of Civil Code §2983.8(b), Pertaining to Attempting to Collect a Deficiency Balance by Filing a Collection Action

Civil Code §2983.8(b) requires:

Notwithstanding Section 2983.2 or any other provision of law, no deficiency balance shall lie in any event in any of the following instances: . . .

(b) After any sale or disposition of a motor vehicle *unless the court has determined that the sale or other disposition was in conformity with the provisions of this chapter . . . The determination may be made upon an affidavit unless the court requires a hearing in the particular case.*

38.    The Statutory Notices also violate other provisions of Civil Code §2983.2(a) not detailed herein.

39.    On information and belief, the defective and improper Statutory Notice issued to Plaintiffs, members of the putative class, and members of the public, purportedly pursuant to Civil Code §2983.2, was a standard form Statutory Notice that, as a common practice and procedure, was sent to numerous other California borrowers, and deprived Plaintiffs, all

1  members of the putative class, and members of the public who received the same form Statutory

2  Notice, of statutorily-mandated notice.

3  40.    Notwithstanding FMCC's failure to comply with the mandatory Statutory Notice

4  requirements of the Rees-Levering Act, FMCC has assessed, demanded, and attempted to

5  collect, a deficiency balance from Plaintiffs and other members of the general public, for which

6  they are not liable as a matter of law and which FMCC and/or its agents have no legal right to

7  demand or to collect.

8  41.    FMCC and/or its agents have made unlawful collection demands to Plaintiffs, have

9  falsely represented to her that a deficiency balance was owed, have attempted to collect a

10  deficiency balance to which it was not entitled, have reported the deficiency balance as valid

11  debts and has sued Plaintiffs, even though they did not owe any deficiency as a matter of law.

12  42.    FMCC has made unlawful collection demands to Plaintiffs and other California

13  borrowers, has falsely represented to such borrowers that deficiency balances were owed, has

14  collected thousands of dollars from such borrowers to which it was not entitled, and has

15  threatened to sue, and has sued, borrowers who did not owe any deficiency as a matter of law.

16  43.    At all relevant times, FMCC and/or its agents had actual and/or constructive knowledge

17  that Plaintiffs were not liable for any deficiency balance as a matter of law as a result of FMCC's

18  failure to comply with the Rees-Levering Act, but have nevertheless persisted in its unlawful

19  collection activity.

20  **CLASS ACTION ALLEGATIONS**

21  44.    Pursuant to California Code of Civil Procedure §382, Plaintiffs bring this class action on

22  behalf of themselves and all other persons similarly situated to seek redress on behalf of persons

23  who have been affected by FMCC's practices.

24  45.    Plaintiffs are informed and believe that the class is sufficiently numerous, representing an

25  ascertainable number of individual proposed class members.

26  46.    The class on whose behalf this Complaint is brought is composed of all persons:

27          (a)    who purchased a Motor Vehicle pursuant to a Conditional Sale Contract;

28          (b)    whose Motor Vehicles were repossessed or voluntarily surrendered;

(c)     who were sent an NOI by FMCC from four years prior to the date of the

Complaint up to and including the date of trial;

(d)     against whose accounts a Deficiency Balance was assessed following the

disposition of the Motor Vehicles.

The class excludes persons who are (i) deceased, (ii) who have filed for bankruptcy, (iii) against whom FMCC, or its assigns or purchasers have obtained a superior court judgment for the Deficiency Balance, or (iv) whose Conditional Sale Contract includes an arbitration provision.

## NUMEROSITY AND ASCERTAINABILITY

47.     Plaintiffs are unable to state the precise number of members of the class because that information is in the possession of FMCC. However, Plaintiffs are informed and believe and thereupon allege that the class is sufficiently numerous. The class is so numerous that joinder of all members would be impracticable. The exact size of the proposed class, and the identity of the members thereof, will be readily ascertainable from the business records of FMCC. The disposition of the claims of these putative class members in a single action will provide substantial benefits to all parties and to the Court. Putative class members are readily identifiable from information and records in FMCC's possession, custody, or control.

## TYPICALITY

48.     The claims of the representative Plaintiffs are typical of the claims of the putative class members in that the representative Plaintiffs, like all putative class members, were assessed a deficiency balance by FMCC and subject to collection attempts. Furthermore, the factual bases for the claims against FMCC are common to all putative class members.

## ADEQUATE REPRESENTATION

49.     Plaintiffs are members of the putative class and will fairly and adequately represent and protect the interests of the putative class members. Plaintiffs have retained counsel with substantial experience in prosecuting consumer class actions.

50.     Plaintiffs and their counsel are committed to vigorously prosecuting the action on behalf of the putative class and have the financial resources to do so. Neither Plaintiffs nor their counsel

1  have interests adverse to those of the putative class.

2  **PREDOMINANCE OF COMMON ISSUES**

3  51.      There are numerous questions of law and fact common to Plaintiffs and putative class

4  members that will predominate over any question affecting only individual class members. The

5  answers to these common questions will advance resolution of the litigation as to all class

6  members. The common legal and factual issues that predominate as to all members of the class

7  include, *inter alia*:

8        (a)     whether FMCC failed to provide to individuals whose motor vehicles were

9                  repossessed a NOI containing all of the disclosures required by the Rees-Levering

10                  Act;

11        (b)     whether FMCC has collected or attempted to collect deficiency balances from

12                  members of the proposed class that they had no legal right to obtain or attempt to

13                  collect; and,

14        (c)     whether FMCC reported deficiencies as valid debts to credit reporting

15                  organizations.

16  **SUPERIORITY**

17  52.      Plaintiffs and putative class members have all suffered and will continue to suffer harm

18  and damages are a result of FMCC's collection activities and credit reporting. A class action is

19  superior to all other available methods for the fair and efficient adjudication of this controversy.

20  53.      Absent a class action, most putative class members would likely find the cost of litigating

21  their claims prohibitively high and would therefore have no effective remedy at law. Because of

22  the relatively small size of the individual putative class members' claims, it is likely that only a

23  few putative class members could afford to seek legal redress for FMCC's misconduct. Absent a

24  class action, putative class members will continue to incur damages, and FMCC's misconduct

25  will continue without remedy.

26  54.      Class treatment of common questions of law and fact would also be a superior method to

27  multiple individual actions or piecemeal litigation in that class treatment will conserve the

28  resources of the courts and the litigants, and will promote consistency and efficiency of

1  adjudication.

2  55.   Defendant has acted in a uniform manner with respect to the Plaintiffs and putative class

3  members.

### FIRST CAUSE OF ACTION
**(Violation of the Rees-Levering Automobiles Sales Finance Act, Civil Code §2981,** *et seq.***)**
**(By Plaintiffs on behalf of the Putative Class against FMCC)**

6  56.   Plaintiffs reallege and incorporate herein by reference the allegations in each and every

7  paragraph above.

8  57.   The Rees-Levering Act regulates automobile sale and financing transactions for motor

9  vehicles purchased primarily for personal or family purposes. The Form Agreements entered into

10  by Plaintiffs are subject to and governed by the provisions of the Rees-Levering Act. FMCC was

11  and is "seller" or "holder" of said contract as those terms are used in the statute.

12  58.   FMCC has engaged and is engaging in ongoing material violations of the Rees-Levering

13  Act in that the Statutory Notice provided to Plaintiffs and the class, ostensibly pursuant to Civil

14  Code §2983.2(a), did not contain the statutorily-mandated disclosures and information required

15  by Civil Code §2983.2(a). Thus, FMCC deprived Plaintiffs and the class of substantial rights

16  granted them under the Rees-Levering Act, including the right to make an informed decision

17  about whether to redeem/reinstate their contracts.

18  59.   Because FMCC failed to provide Plaintiffs and the class with all of the information and

19  disclosures to which they were entitled under Civil Code §2983.2(a), Plaintiffs and the class are

20  not liable, under the explicit terms of §§2983.2(a) and 2983.8 of the Rees-Levering Act, for any

21  deficiency following the disposition of their repossessed motor vehicles. Nevertheless, without

22  any legal right to do so, FMCC maintains that Plaintiffs and the class owe deficiency balances to

23  FMCC, and have collected or attempted to collect such deficiency balances.

24  60.   As a direct and proximate result of the acts hereinabove alleged and FMCC's ongoing

25  unlawful conduct, Plaintiffs have been damaged in an amount to be proven at trial.

26  61.   Plaintiffs seek recovery of their attorneys' fees, costs and expenses incurred in the filing

27  and prosecution of this action.

28  WHEREFORE, Plaintiffs pray for relief as set forth below.

**SECOND CAUSE OF ACTION**
**(Violations of the Rosenthal Fair Debt Collection Practices Act, Civil Code §1788, *et seq.*)**
**(By Plaintiffs on behalf of the Putative Class against FMCC)**

62.     Plaintiffs reallege and incorporate herein by reference the allegations of each and every paragraph above.

63.     The Rosenthal Act was enacted in 1976 to ensure the integrity of our banking and credit industry. Civil Code §1788.1(b). The California Legislature found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Civil Code §1788.1(a)(2).

64.     FMCC at all times relevant herein was a "debt collector" within the meaning of Civil Code §1788.2(c). FMCC regularly and in the ordinary course of business, on behalf of itself or others, engages in acts and practices in connection with the collection of consumer debt. FMCC had a non-delegable duty under the Rosenthal Act not to commit violations of the Act, and not to allow its agents to commit such violations, which duties FMCC itself was prohibited from violating.

65.     The purported deficiency balance which FMCC attempted to collect from Plaintiffs and the class was a "consumer debt" within the meaning of Civil Code §1788.2(f). Plaintiffs and each putative class member are "debtors" within the meaning of Civil Code §1788.2(h) in that they are natural persons from who FMCC sought to collect a consumer debt alleged to be due and owing.

66.     FMCC attempted to collect non-existent deficiency balances from Plaintiffs by, among other things, conducting collection efforts, by making demands for payment, and suing Plaintiffs to recover the alleged deficiency balance.

67.     FMCC made false representations to Plaintiffs that they owed a debt, and the amount and legal status of the alleged debt, by sending Plaintiffs a standardized form demand letter, in which FMCC stated that Plaintiffs were obligated to pay an alleged deficiency balance, when they were not, and demanded payment on the non-existent deficiency balance. This was a violation of Civil Code §1788.17 (through violation of 15 U.S.C. §1692e, including §1692e(2)).

68.     Furthermore, FMCC then filed complaints against Plaintiffs in order to collect an alleged deficiency balance. This was a violation of Civil Code §1788.17(through violation of 15 U.S.C. §1692e, including §1692e(2)).

69.     FMCC attempted to collect on a debt that is not permitted by law by attempting to collect on a legally non-existent post-repossession deficiency balance. FMCC's conduct violated 15 U.S.C. §1692f, including §1692f(1), incorporated into the Rosenthal Act by Civil Code §1788.17.

70.     FMCC attempted to collect on a debt that is not permitted by law by attempting to collect on a legally non-existent post-repossession deficiency balance. FMMC's conduct violated Civil Code §1788.13(e).

71.     As a proximate result of FMCC's violations of the Rosenthal Act, Plaintiffs have been damaged in amounts that are subject to proof.

72.     Plaintiffs are entitled to recover their actual damages pursuant to Civil Code §1788.17.

73.     FMCC's violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiffs to recover statutory damages pursuant to Civil Code §1788.17.

74.     Plaintiffs are entitled to attorneys' fees and costs pursuant to Civil Code §1788.17, incorporating by reference 15 U.S.C. §1692k(a)(3), or in the alternative, Civil Code §1788.30(c).

        WHEREFORE, Plaintiffs pray for relief as set forth below.

### THIRD CAUSE OF ACTION
**(Violations of Business & Professions Code §17200, *et seq*.)**
**(By Plaintiffs on behalf of the Putative Class against FMCC)**

75.     Plaintiffs reallege and incorporate herein by reference the allegations in each and every paragraph above.

76.     Plaintiffs file this cause of action individually, and on behalf of the class, to challenge and to remedy FMCC's business practices. Business & Professions Code §17200, *et seq.*, often referred to as the "Unfair Competition Law," defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice. The UCL provides that a court may order injunctive relief and restitution to affected individuals as remedies for any violations of the UCL.

77.     Beginning on an exact date unknown to Plaintiffs, FMCC has committed acts of unfair

competition proscribed by the UCL, including the practices alleged herein. The acts of unfair competition include the following:

(a)     FMCC violated and continues to violate the provisions of Civil Code §2983.2(a) with respect to Plaintiffs and the class by failing to send them a Statutory Notice that contain the disclosures mandated by that section;

(b)     FMCC breached and continues to breach the terms of the uniform conditional sales contracts with Plaintiffs and the class by breaking its twin promises in the Form Agreements to (1) "provide you all notices required by law to tell you when and how much to pay and/or what action you must take to redeem the vehicle," and (2) "If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to any right the law gives you to reinstate this contract."

(c)     FMCC negligently misrepresented and continues to misrepresent to Plaintiffs and members of the class issued defective Statutory Notices that they are obligated to pay deficiency balances;

(d)     FMCC actively concealed and continues to conceal its unlawful activity from Plaintiffs and members of the class to whom it sent defective Statutory Notices;

(e)     FMCC unlawfully, unfairly, and/or fraudulently carries and continues to carry on its account records deficiency balances of Plaintiffs and members of the class issued Statutory Notices as amounts lawfully due and owing;

(f)     FMCC unlawfully, unfairly, and/or fraudulently reported, and continues to report to third parties, deficiency balances allegedly owed by Plaintiffs and members of the class issued defective Statutory Notice as amounts lawfully due and owing; and

(g)     FMCC unlawfully, unfairly, and/or fraudulently collected and continue to collect or attempt to collect deficiency balances from Plaintiffs and members of the class sent defective Statutory Notice.

(h)     FMCC unlawfully, unfairly, and/or fraudulently files collection suits against Plaintiffs and the class by failing to comply with Civil Code § 2983.8(b) by failing to file an affidavit of compliance with the Rees-Levering Act.

78.     The business acts and practices of FMCC as hereinabove alleged constitutes unlawful business practices in that, for the reasons set forth above, said acts and practices violate the provisions of the Rees-Levering Act, constitute systematic breaches of contracts and constitute violations of the common law.

79.     The business acts and practices of FMCC, as hereinabove alleged, constitutes unfair business practices in that said acts and practices offend public policy and are substantially injurious to consumers. Said acts and practices have no utility that outweighs the substantial harm to consumers.

80.     The business acts and practices of FMCC, as hereinabove alleged, constitutes fraudulent business practices in that said acts and practices are likely to deceive the public and affected consumers as to their legal rights and obligations, and by use of such deception, may preclude consumers from exercising legal rights to which they are entitled.

81.     The unlawful, unfair, and fraudulent business acts and practices of FMCC described herein presents a continuing threat to Plaintiffs and the class in that FMCC is currently engaging in such acts and practices, and will persist and continue to do so unless and until an injunction is issued by this Court.

82.     As a direct and proximate result of the acts and practices described herein, FMCC has received and collected substantial monies or property to which FMCC is not entitled. These illicit profits should be disgorged. Further, Plaintiffs and members of the class have suffered injury in fact and have lost money or property as a result of the unlawful, unfair and fraudulent acts and practices of FMCC challenged herein.

83.     Pursuant to Business and Professions Code § 17203, Plaintiffs seek an injunction that FMCC does the following:

(a) FMCC shall identify the accounts for members of the class who received a Statutory Notice in the form of **Exhibit C** where a deficiency balance was assessed, and shall change those account records to reflect a zero balance on such account;

(b) FMCC shall not accept any payments from any person who received a Statutory Notice in the form similar to **Exhibit C**;

(c) FMCC shall take all steps necessary to cease all efforts to collect the alleged

deficiency balances of members of the class who received a Statutory Notice in the form of **Exhibit C**. This includes, but is not limited to recalling all accounts from outside agencies, recalling all such accounts that have been assigned to legal counsel, and dismissing all pending legal actions to collect a deficiency balance on any such account;

(d) FMCC shall instruct TransUnion, Equifax, and Experian to delete all trade lines with respect to accounts of those members of the class who received a Statutory Notice in the form of **Exhibit C**;

(e) FMCC shall cease issuing Statutory Notice to California consumers in the form of **Exhibit C**; and

(f) FMCC shall cease filing collection suits for deficiency balances in which FMCC fails to comply with Civ Code §2983.8(b) by failing to file an affidavit of compliance.

84.     In addition, pursuant to Code of Civil Procedure §1021.5, Plaintiffs seek recovery of attorneys' fees, costs and expenses incurred in the filing and prosecution of this action, which is primarily to benefit the public interest.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs respectfully pray for relief as follows:

(1)   For an order certifying the case as a class action;

(2)   For an order finding and declaring that FMCC's acts and practices as challenged herein are unlawful and unfair;

(3)   For an order of restitution in an amount to be determined at trial to restore to Plaintiffs and the putative class all money acquired by FMCC by means of its unlawful and unfair practices, which amount is at least equal to all sums collected for alleged deficiency balances following the disposition of Plaintiffs' and members of the class' repossessed motor vehicles;

(4)   For entry of an injunction that FMCC do the following:

(a)     FMCC shall identify all members of the class who received a Statutory Notice in the form of **Exhibit C** where a deficiency balance was assessed, and shall change any such account records to reflect a zero balance on such account;

(b)     FMCC shall not accept any payments from any member of the class who received a Statutory Notice in the form similar to **Exhibit C**;

(c)     FMCC shall take all steps necessary to cease all efforts to collect the alleged deficiency balances of members of the class who received a Statutory Notice in the form of **Exhibit C**. This includes, but is not limited to recalling all accounts from outside agencies, recalling all such accounts that have been assigned to legal counsel, and dismissing all pending legal actions to collect a deficiency balance on any such account;

(d)     FMCC shall instruct TransUnion, Equifax, and Experian to delete all trade lines with respect to accounts of those members of the class who received a Statutory Notice in the form of **Exhibit C**;

(e)     FMCC shall cease issuing Statutory Notices to members of the class in the form of **Exhibit C**; and

(f)     FMCC shall cease filing collection suits for deficiency balances in which FMCC fails to comply with Civ Code §2983.8(b) by failing to file an affidavit of compliance.

(5)     For such compensatory damages in an amount to be determined at trial, which amount is at least equal to all sums paid by Plaintiffs for alleged deficiency balances following the disposition of repossessed motor vehicles;

(6)     For statutory damages;

(7)     For prejudgment interest to the extent permitted by law;

(8)     For an award of attorneys' fees, costs, and expenses pursuant to Civil Code §1788.30, Civil Code §2983.4, Code of Civil Procedure §1021.5, and any other applicable provisions of law;

(9)     For declaratory relief; and

(10)    For such other and further relief as the Court may deem just and proper.

Dated: September 2, 2020                          KEMNITZER, BARRON & KRIEG, LLP


                                    By:    _/s/ Kristin Kemnitzer_
                                           KRISTIN KEMNITZER
                                           ADAM J. McNEILE

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury on all issues so triable.

Dated:  September 2, 2020                    KEMNITZER, BARRON & KRIEG, LLP


                                    By:      /s/ *Kristin Kemnitzer*
                                             KRISTIN KEMNITZER
                                             ADAM J. McNEILE

# EXHIBIT A

This is a Copy of Customer Completed signed electronic form held by RouteOne LLC.

056593307

## ℒLAW 553-CA-e 7/16

## RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE

Dealer Number ____N/A____   Contract Number ____N/A____   R.O.S. Number ____N/A____   Stock Number ____N/A____

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| ALMA URIBE<br>█████████ ALAMEDA | N/A | SJK, INCORPORATED<br>39700 BALENTINE DRIVE<br>NEWARK, CA 94560 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on all pages of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New<br>Used | Year | Make<br>and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| New | 2018 | Ford<br>F-150 | 20 | 1FTEX1CBXJKE67081 | Personal, family or household unless otherwise indicated below.<br>☐ business or commercial |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 6,500.00 is |
|---|---|---|---|---|
| 3.90 % | $ 3,872.80 (e) | $ 37,212.20 (e) | $ 42,585.00 (e) | $ 47,585.00 (e) |

(e) means an estimate

**YOUR PAYMENT SCHEDULE WILL BE:**

| Number of Payments: | Amount of Payments: | When Payments Are Due: |
|---|---|---|
| One Payment of | $ 1,500.00 | Due 07/26/2018 |
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| 60 Payments | $ 684.75 | Monthly beginning  08/18/2018 |
| N/A | N/A | N/A |
| One final payment | N/A | N/A |

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
**Prepayment.** If you pay early, you may be charged a minimum finance charge.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

### STATEMENT OF INSURANCE

NOTICE. No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

#### Vehicle Insurance

| | | Term | Premium |
|---|---|---|---|
| $ ___N/A___ Ded. Comp., Fire & Theft | | N/A Mos. | $ ___N/A___ |
| $ ___N/A___ Ded. Collision | | N/A Mos. | $ ___N/A___ |
| Bodily Injury $ ___N/A___ Limits | | N/A Mos. | $ ___N/A___ |
| Property Damage $ ___N/A___ Limits | | N/A Mos. | $ ___N/A___ |
| Medical N/A | | N/A Mos. | $ ___N/A___ |
| N/A | | N/A Mos. | $ ___N/A___ |
| Total Vehicle Insurance Premiums | | | $ ___N/A___ |

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X A _____
Co-Buyer X A _____ N/A _____
Seller X A _____

### AUTO BROKER FEE DISCLOSURE

If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:

☐ Name of autobroker receiving fee, if applicable: N/A_____

True and Accurate Completed Copy - UCC Non-Authoritative Copy
True and Accurate Completed Copy - UCC Non-Authoritative Copy

T203050481-DP203050482  - This copy was created on Thu Jul 05 05:48:39 GMT 2018

This is a Copy of a Customer Completed signed electronic form held by RouteOne LLC.    056593307

**ITEMIZATION OF THE AMOUNT FINANCED** (Seller may keep part of the amounts paid to others.)

**1. Total Cash Price**

| | | |
|---|---|---|
| A. Cash Price of Motor Vehicle and Accessories | $ 35,060.00 | (A) |
| 1. Cash Price Vehicle | $ 35,060.00 | |
| 2. Cash Price Accessories | $ N/A | |
| 3. Other (Nontaxable) | | |
| Describe N/A | $ N/A | |
| Describe N/A | $ N/A | |
| B. Document Processing Charge (not a governmental fee) | $ 80.00 | (B) |
| C. Emissions Testing Charge (not a governmental fee) | $ N/A | (C) |
| D. (Optional) Theft Deterrent Device(s) | | |
| 1. (paid to) N/A | $ N/A | (D1) |
| 2. (paid to) N/A | $ N/A | (D2) |
| 3. (paid to) N/A | $ N/A | (D3) |
| E. (Optional) Surface Protection Product(s) | | |
| 1. (paid to) N/A | $ N/A | (E1) |
| 2. (paid to) N/A | $ N/A | (E2) |
| F. EV Charging Station (paid to) N/A | $ N/A | (F) |
| G. Sales Tax (on taxable items in A through F) | $ 3,250.45 | (G) |
| H. Electronic Vehicle Registration or Transfer Charge | | |
| (not a governmental fee) (paid to) AVRS | $ 29.00 | (H) |
| I. (Optional) Service Contract(s) | | |
| 1. (paid to) Century Automotive Service Cor | $ 2,700.00 | (I1) |
| 2. (paid to) FORD MAINTENANCE | $ 2,000.00 | (I2) |
| 3. (paid to) N/A | $ N/A | (I3) |
| 4. (paid to) N/A | $ N/A | (I4) |
| 5. (paid to) N/A | $ N/A | (I5) |
| J. Prior Credit or Lease Balance (e) paid by Seller to | | |
| Vehicle 1 N/A    Vehicle 2 N/A | $ N/A | (J) |
| (see downpayment and trade-in calculation) | | |
| K. (Optional) Debt Cancellation Agreement | $ N/A | (K) |
| L. (Optional) Used Vehicle Contract Cancellation Option Agreement | $ N/A | (L) |
| M. Other (paid to) N/A | $ N/A | (M) |
| For N/A | | |
| N. Other (paid to) N/A | $ N/A | (N) |
| For N/A | | |
| **Total Cash Price (A through N)** | $ 43,119.45 | (1) |

**2. Amounts Paid to Public Officials**

| | | |
|---|---|---|
| A. Vehicle License Fees | $ 248.00 | (A) |
| B. Registration/Transfer/Titling Fees | $ 336.00 | (B) |
| C. California Tire Fees | $ 8.75 | (C) |
| D. Other N/A | $ 0.00 | (D) |
| **Total Official Fees (A through D)** | $ 592.75 | (2) |

**3. Amount Paid to Insurance Companies**

| | | |
|---|---|---|
| (Total premiums from Statement of Insurance) | $ N/A | (3) |

**4.** ☐ State Emissions Certification Fee or ☐ State Emissions Exemption Fee    $ N/A  (4)

**5. Subtotal (1 through 4)**    $ 43,712.20  (5)

**6. Total Downpayment**

| | | |
|---|---|---|
| A. Total Agreed Value of Property Being Traded-In (see Trade-In Vehicle(s)): | $ N/A | (A) |
| Vehicle 1 $ N/A    Vehicle 2 $ N/A | | |
| B. Total Less Prior Credit or Lease Balance (e) | $ N/A | (B) |
| Vehicle 1 $ N/A    Vehicle 2 $ N/A | | |
| C. Total Net Trade-In (A–B) (indicate if negative number) | $ N/A | (C) |
| Vehicle 1 $ N/A    Vehicle 2 $ N/A | | |
| D. Deferred Downpayment Payable to Seller | $ 1,500.00 | (D) |
| E. Manufacturer's Rebate | $ 4,000.00 | (E) |
| F. Other N/A | $ N/A | (F) |
| G. Cash, Cash Equivalent, Check, Credit Card, or Debit Card | $ 1,000.00 | (G) |
| **Total Downpayment (C through G)** | $ 6,500.00 | (6) |
| (If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1J above) | | |

**7. Amount Financed (5 less 6)**    $ 37,212.20  (7)

---

**OPTIONAL SERVICE CONTRACT(S)** You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in item 1I.

I1 Company Century Automotive Service Cor
Term 72 Mos. or 100000 Miles

I2 Company FORD MAINTENANCE
Term 60 Mos. or 100000 Miles

I3 Company N/A
Term N/A Mos. or N/A Miles

I4 Company N/A
Term N/A Mos. or N/A Miles

I5 Company N/A
Term N/A Mos. or N/A Miles

Buyer X B Al. Urge

**OPTIONAL DEBT CANCELLATION AGREEMENT.** A debt cancellation agreement is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy debt cancellation, the charge is shown in item 1K of the Itemization of Amount Financed. See your debt cancellation agreement for details on the terms and conditions it provides. It is a part of this contract.

Term N/A Mos. _____
                    Debt Cancellation Agreement

I want to buy a debt cancellation agreement.

Buyer Signs X C    N/A

---

**Trade-In Vehicle(s)**

**1. Vehicle 1**
Year N/A    Make N/A
Model N/A    Odometer N/A
VIN N/A

| | | |
|---|---|---|
| a. Agreed Value of Property | $ | N/A |
| b. Buyer/Co-Buyer Retained Trade Equity | $ | N/A |
| c. Agreed Value of Property Being Traded-In (a–b) | $ | N/A |
| d. Prior Credit or Lease Balance | $ | N/A |
| e. Net Trade-In (c–d) (must be ≥ 0 for buyer/co-buyer to retain equity) | $ | N/A |

**2. Vehicle 2**
Year N/A    Make N/A
Model N/A    Odometer N/A
VIN N/A

| | | |
|---|---|---|
| a. Agreed Value of Property | $ | N/A |
| b. Buyer/Co-Buyer Retained Trade Equity | $ | N/A |
| c. Agreed Value of Property Being Traded-In (a–b) | $ | N/A |
| d. Prior Credit or Lease Balance | $ | N/A |
| e. Net Trade-In (c–d) (must be ≥ 0 for buyer/co-buyer to retain equity) | $ | N/A |

| | | |
|---|---|---|
| Total Agreed Value of Property Being Traded-In (1c+2c) | $ | N/A* |
| Total Prior Credit or Lease Balance (1d+2d) | $ | N/A* |
| Total Net Trade-In (1e+2e) | $ | N/A* |

(*See item 6A–6C in the Itemization of Amount Financed)

---

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before N/A , Year N/A .

SELLER'S INITIALS N/A

---

*LAW 553-CA-e 7/16 v1*    Page 2 of 6

True and Accurate Completed Copy - UCC Non-Authoritative Copy

This is a Copy of the Customer Completed signed electronic form held by RAC One LLC.

056593307

**Trade-In Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle(s) to arrive at the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s). You understand that the amount quoted is an estimate.

Seller agrees to pay the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s) to the lienholder or lessor of the trade-in vehicle(s), or its designee. If the actual payoff amount is more than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), Seller will refund to you any overage Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on page 5 of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in Trade-In Vehicle(s) or any refund.

Buyer Signature X **D**          **N/A**          Co-Buyer Signature X **D**          **N/A**

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.

Buyer Signs X **E** _Alue Chese_          Co-Buyer Signs X **E**          **N/A**

**SELLER'S RIGHT TO CANCEL** If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on page 5 of this contract giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.

Buyer X **F** _Alue Chese_          Co-Buyer X **F**          **N/A**

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
    WARNING:
    YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
    FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
    THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

S/S X **G** _Alue Chese_          x **G**          **N/A**

True and Accurate Completed Copy - UCC Non-Authoritative Copy

**Electronic Contracting and Signature Acknowledgment.** You agree that (i) this contract is an electronic contract executed by you using your electronic signature, (ii) your electronic signature signifies your intent to enter into this contract and that this contract be legally valid and enforceable in accordance with its terms to the same extent as if you had executed this contract using your written signature and (iii) the authoritative copy of this contract ("Authoritative Copy") shall be that electronic copy that resides in a document management system designated by us for the storage of authoritative copies of electronic records, which shall be deemed held by us in the ordinary course of business. Notwithstanding the foregoing, if the Authoritative Copy is converted by printing a paper copy which is marked by us as the original (the "Paper Contract"), then you acknowledge and agree that (1) your signing of this contract with your electronic signature also constitutes issuance and delivery of such Paper Contract, (2) your electronic signature associated with this contract, when affixed to the Paper Contract, constitutes your legally valid and binding signature on the Paper Contract and (3) subsequent to such conversion, your obligations will be evidenced by the Paper Contract alone.

## CREDIT DISABILITY INSURANCE NOTICE
## CLAIM PROCEDURE

If you become disabled, you must tell us right away. (You are advised to send this information to the same address to which you are normally required to send your payments, unless a different address or telephone number is given to you in writing by us as the location where we would like to be notified.) We will tell you where to get claim forms. You must send in the completed form to the insurance company as soon as possible and tell us as soon as you do.

If your disability insurance covers all of your missed payment(s), WE CANNOT TRY TO COLLECT WHAT YOU OWE OR FORECLOSE UPON OR REPOSSESS ANY COLLATERAL UNTIL THREE CALENDAR MONTHS AFTER your first missed payment is due or until the insurance company pays or rejects your claim, whichever comes first. We can, however, try to collect, foreclose, or repossess if you have any money due and owing us or are otherwise in default when your disability claim is made or if a senior mortgage or lien holder is foreclosing.

If the insurance company pays the claim within the three calendar months, we must accept the money as though you paid on time. If the insurance company rejects the claim within the three calendar months or accepts the claim within the three calendar months on a partial disability and pays less than for a total disability, you will have 35 days from the date that the rejection or the acceptance of the partial disability claim is sent to pay past due payments, or the difference between the past due payments and what the insurance company pays for the partial disability, plus late charges. You can contact us, and we will tell you how much you owe. After that time, we can take action to collect or foreclose or repossess any collateral you may have given.

If the insurance company accepts your claim but requires that you send in additional forms to remain eligible for continued payments, you should send in these completed additional forms no later than required. If you do not send in these forms on time, the insurance company may stop paying, and we will then be able to take action to collect or foreclose or repossess any collateral you may have given.

True and Accurate Completed Copy - UCC Non-Authoritative Copy

T203050481-DP203050482 - This copy was created on Thu Jul 05 05:48:39 GMT 2018

This is a Copy of a Customer Completed signed electronic form held by R... One LLC.

058593307

**OTHER IMPORTANT AGREEMENTS**

True and Accurate Completed Copy - UCC Non-Authoritative Copy

**1.   FINANCE CHARGE AND PAYMENTS**

**a.   How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed. Seller - Creditor may receive part of the Finance Charge.

**b.   How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.

**c.   How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

**d.   You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment. As of the date of your payment, if the minimum finance charge is greater than the earned Finance Charge, you may be charged the difference; the minimum finance charge is as follows: (1) $25 if the original Amount Financed does not exceed $1,000, (2) $50 if the original Amount Financed is more than $1,000 but not more than $2,000, or (3) $75 if the original Amount Financed is more than $2,000.

**2.   YOUR OTHER PROMISES TO US**

**a.   If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

---

**GAP LIABILITY NOTICE**

In the event of theft or damage to your vehicle that results in a total loss, there may be a gap between the amount you owe under this contract and the proceeds of your insurance settlement and deductible. THIS CONTRACT PROVIDES THAT YOU ARE LIABLE FOR THE GAP AMOUNT. An optional debt cancellation agreement for coverage of the gap amount may be offered for an additional charge.

---

**b.   Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

**c.   Security Interest.**
You give us a security interest in:
- The vehicle and all parts or goods put on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service, or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract as the law allows. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

**d.   Insurance you must have on the vehicle.** You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract or, at our option, the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

**e.   What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

**3.   IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

**a.   You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

**b.   You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to any right the law gives you to reinstate this contract.
Default means:
- You do not pay any payment on time;
- You give false, incomplete, or misleading information on a credit application;
- You start a proceeding in bankruptcy or one is started against you or your property;
- The vehicle is lost, damaged or destroyed; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

**c.   You may have to pay collection costs.** You will pay our reasonable costs to collect what you owe, including attorney fees, court costs, collection agency fees, and fees paid for other reasonable collection efforts. You agree to pay a charge not to exceed $15 if any check you give to us is dishonored.

**d.   We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

**e.   How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). You may redeem the vehicle by paying all you owe, or you may have the right to reinstate this contract and redeem the vehicle by paying past due payments and any late charges, providing proof of insurance, and/or taking other action to cure the default. We will provide you all notices required by law to tell you when and how much to pay and/or what action you must take to redeem the vehicle.

True and Accurate Completed Copy - UCC Non-Authoritative Copy

f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at the Annual Percentage Rate shown on page 1 of this contract, not to exceed the highest rate permitted by law, until you pay.

g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

**4.  WARRANTIES SELLER DISCLAIMS**
**If you do not get a written warranty, and the Seller does not enter into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. If the Seller has sold you a certified used vehicle, the warranty of merchantability is not disclaimed.

**5.  Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**
**Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

**6.  SERVICING AND COLLECTION CONTACTS**
You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you. **You agree that you will within a reasonable time notify us of any change in your name, address, or employment.**

**7.  APPLICABLE LAW**
Federal law and California law apply to this contract. If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

**8.  WARRANTIES OF BUYER**
You promise you have given true and correct information in your application for credit, and you have no knowledge that will make that information untrue in the future. We have relied on the truth and accuracy of that information in entering into this contract. Upon request, you will provide us with documents and other information necessary to verify any item contained in your credit application.

You waive the provisions of Calif. Vehicle Code Section 1808.21 and authorize the California Department of Motor Vehicles to furnish your residence address to us.

---

**Seller's Right to Cancel**

a. Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you. You understand that it may take some time for Seller to verify your credit and assign the contract. You agree that if Seller is unable to assign the contract to any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller, Seller may cancel the contract.

b. Seller shall give you written notice (or in any other manner in which actual notice is given to you) within 10 days of the date this contract is signed if Seller elects to cancel. Upon receipt of such notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. Seller must give back to you all consideration received by Seller, including any trade-in vehicle.

c. If you do not immediately return the vehicle, you shall be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees.

d. While the vehicle is in your possession, all terms of the contract, including those relating to use of the vehicle and insurance for the vehicle, shall be in full force and you shall assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage to the vehicle until the vehicle is returned to Seller.

---

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

True and Accurate Completed Copy - UCC Non-Authoritative Copy

This is a Copy of the Customer Completed signed electronic form held by RouteOne LLC.

C58593307

True and Accurate Completed Copy - UCC Non-Authoritative Copy

True and Accurate Completed Copy - UCC Non-Authoritative Copy

N/A

---

**Notice to buyer: (1)** Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. **(2)** You are entitled to a completely filled in copy of this agreement. **(3)** You can prepay the full amount due under this agreement at any time. **(4)** If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

If you have a complaint concerning this sale, you should try to resolve it with the seller.

Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof. After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

Buyer Signature X H Nwa Ubire     Co-Buyer Signature X **H**     **N/A**

---

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION**
California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a two-day contract cancellation option on used vehicles with a purchase price of less than forty thousand dollars ($40,000), subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.

Buyer Signature X I Nwa Ubire    Date 07/04/2018    Co-Buyer Signature X I    **N/A**    Date ___ N/A

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other Owner Signature X N/A    Address N/A

**GUARANTY:** To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor, and even if Buyer has a complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Buyer more time to pay one or more payments; (2) give a full or partial release to any other Guarantor; (3) release any security; (4) accept less from the Buyer than the total amount owing; or (5) otherwise reach a settlement relating to this contract or extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing.

Guarantor waives notice of acceptance of this Guaranty, notice of the Buyer's non-payment, non-performance, and default; and notices of the amount owing at any time, and of any demands upon the Buyer.

Guarantor X N/A    Date N/A    Guarantor X N/A    Date N/A
Address N/A    Address N/A

Seller Signs SJK, INCORPORATED    Date 07/04/2018    By X J mm    Title F&I

---

T203050481-DP203050482 - This copy was created on Thu Jul 05 05:48:39 GMT 2018

# EXHIBIT B

Customer Completed Copy - 117441739

**LAW° 553-CA-e 7/13**

## RETAIL INSTALLMENT SALE CONTRACT - SIMPLE FINANCE CHARGE

| | | | |
|---|---|---|---|
| Dealer Number ___ N/A | Contract Number ___ N/A | R.O.S. Number ___ N/A | Stock Number ___ N/A |

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| ARCADIA GALLARDO ▓▓▓▓▓▓ SANTA CRUZ | N/A | SALINAS VALLEY FORD SALES 1100 AUTO CENTER CIRCLE SALINAS, CA 93907 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on all pages of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| New | 2016 | Ford Mustang | 23 | 1FA6P8CF4G5318081 | Personal, family or household unless otherwise indicated below. ☐ business or commercial |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 0.00 is |
|---|---|---|---|---|
| 1.90 % | $ 2,882.29 (e) | $ 57,822.71 | $ 60,705.00 (e) | $ 60,705.00 (e) |
| | | | | (e) means an estimate |

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.

Buyer Signs X **A** *Gertie Gallardo*

Co-Buyer Signs X **A**         N/A

**YOUR PAYMENT SCHEDULE WILL BE:**

| Number of Payments: | Amount of Payments: | When Payments Are Due: |
|---|---|---|
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| 60 Payments | $ 1,011.75 | Monthly beginning 07/06/2016 |
| N/A | N/A | N/A |
| One final payment | N/A | N/A |

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
**Prepayment.** If you pay off all your debt early, you may be charged a minimum finance charge.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

**Electronic Contracting and Signature Acknowledgment.** You agree that (i) this contract is an electronic contract executed by you using your electronic signature, (ii) your electronic signature signifies your intent to enter into this contract and that this contract be legally valid and enforceable in accordance with its terms to the same extent as if you had executed this contract using your written signature and (iii) the authoritative copy of this contract ("Authoritative Copy") shall be that electronic copy that resides in a document management system designated by us for the storage of authoritative copies of electronic records, which shall be deemed held by us in the ordinary course of business. Notwithstanding the foregoing, if the Authoritative Copy is converted by printing a paper copy which is marked by us as the original (the "Paper Contract"), then you acknowledge and agree that (1) your signing of this contract with your electronic signature also constitutes issuance and delivery of such Paper Contract, (2) your electronic signature associated with this contract, when affixed to the Paper Contract, constitutes your legally valid and binding signature on the Paper Contract and (3) subsequent to such conversion, your obligations will be evidenced by the Paper Contract alone.

*LAW 553-CA-e 7/13 v1   Page 1 of 6*

Customer Completed Copy - 117441739

| ITEMIZATION OF THE AMOUNT FINANCED (Seller may keep part of the amounts paid to others.) | | |
|---|---|---|
| 1. Total Cash Price | | |
| A. Cash Price of Motor Vehicle and Accessories | $ | 44,990.00 (A) |
|   1. Cash Price Vehicle | $ 44,990.00 | |
|   2. Cash Price Accessories | $ N/A | |
|   3. Other (Nontaxable) | | |
|     Describe N/A | $ N/A | |
|     Describe N/A | $ N/A | |
| B. Document Processing Charge (not a governmental fee) | $ | 80.00 (B) |
| C. Emissions Testing Charge (not a governmental fee) | $ | N/A (C) |
| D. (Optional) Theft Deterrent Device (to whom paid) FORD ALARM | $ | 895.00 (D) |
| E. (Optional) Theft Deterrent Device (to whom paid) Inilex - Hardware only | $ | 995.00 (E) |
| F. (Optional) Theft Deterrent Device (to whom paid) Express Systems | $ | 189.00 (F) |
| G. (Optional) Surface Protection Product (to whom paid) XZILON | $ | 895.00 (G) |
| H. (Optional) Surface Protection Product (to whom paid) N/A | $ | N/A (H) |
| I. EV Charging Station (to whom paid) N/A | $ | N/A (i) |
| J. Sales Tax (on taxable items in A through I) | $ | 4,323.96 (J) |
| K. Electronic Vehicle Registration or Transfer Charge | | |
|   (not a governmental fee) (to whom paid) MVSC | $ | 29.00 (K) |
| L. (Optional) Service Contract (to whom paid) Express Systems | $ | 625.00 (L) |
| M. (Optional) Service Contract (to whom paid) First Extended Service Corpora | $ | 2,095.00 (M) |
| N. (Optional) Service Contract (to whom paid) Express Systems | $ | 1,595.00 (N) |
| O. (Optional) Service Contract (to whom paid) N/A | $ | N/A (O) |
| P. (Optional) Service Contract (to whom paid) N/A | $ | N/A (P) |
| Q. Prior Credit or Lease Balance paid by Seller to | | |
|   N/A | (e) $ | N/A (Q) |
|   (see downpayment and trade-in calculation) | | |
| R. (Optional) Gap Contract (to whom paid) EXPRESS AUTOGAP | $ | 685.00 (R) |
| S. (Optional) Used Vehicle Contract Cancellation Option Agreement | $ | N/A (S) |
| T. Other (to whom paid) N/A | | |
|   For N/A | $ | N/A (T) |
| Total Cash Price (A through T) | $ | 57,396.96 (1) |
| 2. Amounts Paid to Public Officials | | |
| A. Vehicle License Fees | $ | 306.00 (A) |
| B. Registration/Transfer/Titling Fees | $ | 111.00 (B) |
| C. California Tire Fees | $ | 8.75 (C) |
| D. Other N/A | $ | 0.00 (D) |
| Total Official Fees (A through D) | $ | 425.75 (2) |
| 3. Amount Paid to Insurance Companies | | |
| (Total premiums from Statement of Insurance column a + b) | $ | N/A (3) |
| 4. ☐ State Emissions Certification Fee or ☐ State Emissions Exemption Fee | $ | N/A (4) |
| 5. Subtotal (1 through 4) | $ | 57,822.71 (5) |
| 6. Total Downpayment | | |
| A. Agreed Trade-In Value  Yr N/A  Make N/A | $ | N/A (A) |
|   Model N/A  Odom N/A | | |
|   VIN N/A | | |
| B. Less Prior Credit or Lease Balance (e) | $ | N/A (B) |
| C. Net Trade-In (A less B) (indicate if a negative number) | $ | N/A (C) |
| D. Deferred Downpayment | $ | N/A (D) |
| E. Manufacturer's Rebate | $ | N/A (E) |
| F. Other N/A | $ | N/A (F) |
| G. Cash | $ | N/A (G) |
| Total Downpayment (C through G) | $ | 0.00 (6) |
| (If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1Q above) | | |
| 7. Amount Financed (5 less 6) | $ | 57,822.71 (7) |

| OPTION: ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before |
|---|
| N/A , Year N/A . SELLER'S INITIALS N/A |

**OPTIONAL GAP CONTRACT** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in item 1R of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term 60 Mos.  EXPRESS AUTOGAP
                         Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X B *(signature)*

**OPTIONAL SERVICE CONTRACT(S)** You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in item 1L, 1M, 1N, 1O, and/or 1P.

1L Company Express Systems
Term 60 Mos. or 75000 Miles
1M Company First Extended Service Corpora
Term 72 Mos. or 100000 Miles
1N Company Express Systems
Term 60 Mos. or 75000 Miles
1O Company N/A
Term N/A Mos. or N/A Miles
1P Company N/A
Term N/A Mos. or N/A Miles
Buyer X C *(signature)*

**SELLER ASSISTED LOAN**
BUYER MAY BE REQUIRED TO PLEDGE SECURITY FOR THE LOAN, AND WILL BE OBLIGATED FOR THE INSTALLMENT PAYMENTS ON BOTH THIS RETAIL INSTALLMENT SALE CONTRACT AND THE LOAN.

Proceeds of Loan From: N/A
Amount $ N/A Finance Charge $ N/A
Total $ N/A Payable in N/A
Installments of $ N/A . $ N/A
from this Loan is shown in item 6D.

**AUTO BROKER FEE DISCLOSURE**
If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:

☐ Name of autobroker receiving fee, if applicable:

N/A

*(side margin left)* True and Accurate Completed Copy - UCC Non-Authoritative Copy

*(side margin right)* True and Accurate Completed Copy - UCC Non-Authoritative Copy

LAW 553-CA-e 7/13 v1   Page 2 of 6

**True and Accurate Completed Copy - UCC Non-Authoritative Copy** (left margin)

**SELLER'S RIGHT TO CANCEL** If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on page 6 giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.

x D _(signature)_     x D     **N/A**
Buyer        Co-Buyer

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
**WARNING:**
YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

S/S x F _(signature)_     x F     **N/A**

**Trade-In Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle to arrive at the payoff amount shown in item 6B of the Itemization of Amount Financed as the "Prior Credit or Lease Balance." You understand that the amount quoted is an estimate.

Seller agrees to pay the payoff amount shown in 6B to the lienholder or lessor of the trade-in vehicle, or its designee. If the actual payoff amount is more than the amount shown in 6B, you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown in 6B, Seller will refund to you any overage Seller receives from your lienholder or lessor. Except as stated in the "NOTICE" on page 5 of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in 6B or any refund.

Buyer Signature X G     **N/A**
Co-Buyer Signature X G     **N/A**

### CREDIT DISABILITY INSURANCE NOTICE
### CLAIM PROCEDURE

If you become disabled, you must tell us right away. (You are advised to send this information to the same address to which you are normally required to send your payments, unless a different address or telephone number is given to you in writing by us as the location where we would like to be notified.) We will tell you where to get claim forms. You must send in the completed form to the insurance company as soon as possible and tell us as soon as you do.

If your disability insurance covers all of your missed payment(s), WE CANNOT TRY TO COLLECT WHAT YOU OWE OR FORECLOSE UPON OR REPOSSESS ANY COLLATERAL UNTIL THREE CALENDAR MONTHS AFTER your first missed payment is due or until the insurance company pays or rejects your claim, whichever comes first. We can, however, try to collect, foreclose, or repossess if you have any money due and owing us or are otherwise in default when your disability claim is made or if a senior mortgage or lien holder is foreclosing.

If the insurance company pays the claim within the three calendar months, we must accept the money as though you paid on time. If the insurance company rejects the claim within the three calendar months or accepts the claim within the three calendar months on a partial disability and pays less than for a total disability, you will have 35 days from the date that the rejection or the acceptance of the partial disability claim is sent to pay past due payments, or the difference between the past due payments and what the insurance company pays for the partial disability, plus late charges. You can contact us, and we will tell you how much you owe. After that time, we can take action to collect or foreclose or repossess any collateral you may have given.

If the insurance company accepts your claim but requires that you send in additional forms to remain eligible for continued payments, you should send in these completed additional forms no later than required. If you do not send in these forms on time, the insurance company may stop paying, and we will then be able to take action to collect or foreclose or repossess any collateral you may have given.

---

### STATEMENT OF INSURANCE

**NOTICE.** No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

#### Vehicle Insurance

| | | Term | Premium |
|---|---|---|---|
| $ ___ **N/A** Ded. Comp., Fire & Theft | | **N/A** Mos. $ | **N/A** |
| $ ___ **N/A** Ded. Collision | | **N/A** Mos. $ | **N/A** |
| Bodily Injury $ ___ **N/A** Limits | | **N/A** Mos. $ | **N/A** |
| Property Damage $ ___ **N/A** Limits | | **N/A** Mos. $ | **N/A** |
| Medical **N/A** | | **N/A** Mos. $ | **N/A** |
| **N/A** | | **N/A** Mos. $ | **N/A** |
| Total Vehicle Insurance Premiums | | | $ ___ **N/A(a)** |

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X E _(signature)_     **N/A**
Co-Buyer X E     **N/A**
Seller X E _(signature)_

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

#### Application for Optional Credit Insurance

☐ Credit Life:   ☐ Buyer   ☐ Co-Buyer   ☐ Both
☐ Credit Disability (Buyer Only)

| | Term | Exp. | Premium |
|---|---|---|---|
| Credit Life | **N/A** Mos. | **N/A** | $ ___ **N/A** |
| Credit Disability | **N/A** Mos. | **N/A** | $ ___ **N/A** |
| Total Credit Insurance Premiums | | | $ ___ **N/A(b)** |

Insurance Company Name
**N/A**
Home Office Address
**N/A**

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown above.

You are applying for the credit insurance marked above. Your signature below means that you agree that: (1) You are not eligible for insurance if you have reached your 65th birthday. (2) You are eligible for disability insurance only if you are working for wages or profit 30 hours a week or more on the Effective Date. (3) Only the Primary Buyer is eligible for disability insurance. DISABILITY INSURANCE MAY NOT COVER CONDITIONS FOR WHICH YOU HAVE SEEN A DOCTOR OR CHIROPRACTOR IN THE LAST 6 MONTHS (Refer to "Total Disabilities Not Covered" in your policy for details).

You want to buy the credit insurance.

| **N/A** | x H   **N/A** | **N/A** |
|---|---|---|
| Date | Buyer Signature | Age |
| **N/A** | x H   **N/A** | **N/A** |
| Date | Co-Buyer Signature | Age |

**True and Accurate Completed Copy - UCC Non-Authoritative Copy** (right margin)

True and Accurate Completed Copy - UCC Non-Authoritative Copy

## OTHER IMPORTANT AGREEMENTS

### 1. FINANCE CHARGE AND PAYMENTS

**a. How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed. Seller - Creditor may receive part of the Finance Charge.

**b. How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.

**c. How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

**d. You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment. As of the date of your payment, if the minimum finance charge is greater than the earned Finance Charge, you may be charged the difference; the minimum finance charge is as follows: (1) $25 if the original Amount Financed does not exceed $1,000, (2) $50 if the original Amount Financed is more than $1,000 but not more than $2,000, or (3) $75 if the original Amount Financed is more than $2,000.

### 2. YOUR OTHER PROMISES TO US

**a. If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

> **GAP LIABILITY NOTICE**
> In the event of theft or damage to your vehicle that results in a total loss, there may be a gap between the amount you owe under this contract and the proceeds of your insurance settlement and deductible. THIS CONTRACT PROVIDES THAT YOU ARE LIABLE FOR THE GAP AMOUNT. An optional gap contract (debt cancellation contract) for coverage of the gap amount may be offered for an additional charge.

**b. Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

### c. Security Interest.

You give us a security interest in:
- The vehicle and all parts or goods installed on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service, or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract as the law allows. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

**d. Insurance you must have on the vehicle.** You agree to have physical damage insurance covering loss or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract or, at our option, the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

**e. What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

### 3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES

**a. You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

**b. You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to any right the law gives you to reinstate this contract. Default means:
- You do not pay any payment on time;
- You give false, incomplete, or misleading information on a credit application;
- You start a proceeding in bankruptcy or one is started against you or your property;
- The vehicle is lost, damaged or destroyed; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

**c. You may have to pay collection costs.** You will pay our reasonable costs to collect what you owe, including attorney fees, court costs, collection agency fees, and fees paid for other reasonable collection efforts. You agree to pay a charge not to exceed $15 if any check you give to us is dishonored.

True and Accurate Completed Copy - UCC Non-Authoritative Copy

*LAW 553-CA-e 7/13 v1*   Page 4 of 6

Customer Completed Copy - 117441739

True and Accurate Completed Copy - UCC Non-Authoritative Copy

True and Accurate Completed Copy - UCC Non-Authoritative Copy

**d.** **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

**e.** **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). You may redeem the vehicle by paying all you owe, or you may have the right to reinstate this contract and redeem the vehicle by paying past due payments and any late charges, providing proof of insurance, and/or taking other action to cure the default. We will provide you all notices required by law to tell you when and how much to pay and/or what action you must take to redeem the vehicle.

**f.** **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at the Annual Percentage Rate shown on page 1 of this contract, not to exceed the highest rate permitted by law, until you pay.

**g.** **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

**4.** **WARRANTIES SELLER DISCLAIMS**
**If you do not get a written warranty, and the Seller does not enter into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. If the Seller has sold you a certified used vehicle, the warranty of merchantability is not disclaimed.

**5.** **Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**
**Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

**6.** **Servicing and Collection Contacts.**
You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

**7.** **Applicable Law**
Federal law and California law apply to this contract. If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

**8.** **Warranties of Buyer.** You promise you have given true and correct information in your application for credit, and you have no knowledge that will make that information untrue in the future. We have relied on the truth and accuracy of that information in entering into this contract. Upon request, you will provide us with documents and other information necessary to verify any item contained in your credit application.

You waive the provisions of Calif. Vehicle Code Section 1808.21 and authorize the California Department of Motor Vehicles to furnish your residence address to us.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

*LAW 553-CA-e 7/13 v1* Page 5 of 6

Customer Completed Copy - 117441739

### Seller's Right to Cancel

a. Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you. You understand that it may take a few days for Seller to verify your credit and assign the contract. You agree that if Seller is unable to assign the contract to any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller, Seller may cancel the contract.

b. Seller shall give you written notice (or in any other manner in which actual notice is given to you) within 10 days of the date this contract is signed if Seller elects to cancel. Upon receipt of such notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. Seller must give back to you all consideration received by Seller, including any trade-in vehicle.

c. If you do not immediately return the vehicle, you shall be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees.

d. While the vehicle is in your possession, all terms of the contract, including those relating to use of the vehicle and insurance for the vehicle, shall be in full force and you shall assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage to the vehicle until the vehicle is returned to Seller.

---

**Notice to buyer:** (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

---

If you have a complaint concerning this sale, you should try to resolve it with the seller.

Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.

After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

Buyer Signature X _Crush Shlok_     Co-Buyer Signature X **I**     **N/A**

---

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

---

### THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION

California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a two-day contract cancellation option on used vehicles with a purchase price of less than forty thousand dollars ($40,000), subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

**YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.**

Buyer Signature X _Crush Shlok_    Date 05/22/2016    Co-Buyer Signature X **N/A**    Date **N/A**

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. Another owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other Owner Signature X **N/A**     Address **N/A**

---

GUARANTY: To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor, and even if Buyer has a complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Buyer more time to pay one or more payments; (2) give a full or partial release to any other Guarantor; (3) release any security; (4) accept less from the Buyer than the total amount owing; or (5) otherwise reach a settlement relating to this contract or extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing.

Guarantor waives notice of acceptance of this Guaranty, notice of the Buyer's non-payment, non-performance, and default; and notices of the amount owing at any time, and of any demands upon the Buyer.

Guarantor X **N/A**    Date **N/A**    Guarantor X **N/A**    Date **N/A**

Address **N/A**     Address **N/A**

---

Seller signs SALINAS VALLEY FORD SALES    Date 05/22/2016    By X **K. J. Shlok**    Title Controller

 FORM NO. 553-CA-e (REV. 7/13)  U.S. PATENT NO. D490,702
©2013 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR
FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

LAW 553-CA-e 7/13 v1    Page 6

*(left margin, vertical)* True and Accurate Completed Copy - UCC Non-Authoritative Copy

*(right margin, vertical)* True and Accurate Completed Copy - UCC Non-Authoritative Copy

# EXHIBIT C

***PRN***
Ford Motor Credit Company
P.O. Box 64400
COLORADO SPRINGS, CO 80962-4400
(866) 466-6310

P896MD00200005
ARCADIA GALLARDO

| Date of Contract | | Date of Notice | |
|---|---|---|---|
| 05-22-2016 | | 05-01-2018 | |
| Account Number: | ████0185 | | |
| Buyer: ARCADIA GALLARDO | | | |
| Co-Buyer: | | | |
| DESCRIPTION OF VEHICLE | | | |
| Year | Make | | Model |
| 2016 | FORD | | MUSTG |
| Vehicle Identification Number: | | 1FA6P8CF4G5318081 | |
| Dealer's Name | | | Dealer's Phone |
| SALINAS VALLEY FORD SALES | | | (831) 444-4444 |
| Dealer's Address | | | |
| 1100 AUTO CENTER CIRCLE, SALINAS  CA  93907- | | | |

## NOTICE OF OUR PLAN TO SELL PROPERTY

We have your property described above because you broke promises in our agreement.

[X] **PRIVATE SALE:** We will sell the property described above at private sale sometime after 20 days from the Date of Notice shown above.

[ ] **PUBLIC SALE:** We will sell the property described above at public sale to the highest bidder on the date below (or any adjournment date).  The sale will be held as follows:

| Date of Sale | Time of Sale | Place of Sale |
|---|---|---|
| | | |
| | | |
| | | |

You may attend the sale and bring bidders if you want.

The money that we get from the sale (after paying our costs, including reasonable attorney's fees and legal expenses if permitted by law) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

You can get the property back at any time before we sell it by paying us the full amount you owe (not just the past due payments) including our expenses. To learn the exact amount you must pay call us at the telephone number above.

If you want us to explain to you in writing how we have figured the exact amount that you owe us, you may call us at the number above, or write us at the address above and request a written explanation.

If you need more information about the sale, call us at the number above, or write us at the address above.

We are sending this notice to the following people who have an interest in the property described above or who owe money under your agreement: 1) The buyer and any cobuyer named above; 2) Any dealer named above; 3) If there are other people, they are named on an attachment sent with this notice.

You have additional rights under California law, including the right to have additional time for getting the vehicle back.  You also may have the right to get the vehicle back by paying less than the full contract balance.  Please read the notice of RIGHTS OF DEFAULTING PARTIES UNDER CALIFORNIA AUTOMOBILE SALES FINANCE ACT on page 2 for a description of these additional rights.

[X] Your vehicle is in the custody of and will be sold by Creditor. If the vehicle is redeemed or the contract is reinstated, the vehicle may be reclaimed at:
BRASHERS SACRAMENTO AUTO AUCTION , 6233 BLACKTOP ROAD , RIO LINDA  CA  95673

[X] PERSONAL PROPERTY:  Any Personal Property found in our collateral may be reclaimed by you within the next 60 days or, in accordance with state law, by contacting this office at the address or phone number on the letterhead above. Thereafter, the personal property shall be discarded accordingly.

[ ] Creditor may have assigned to its qualified intermediary (QI Exchange, LLC) its rights (but not its obligations) with respect to the sale of each vehicle listed above.

Send all payments/correspondences to the name and address shown on the letterhead above.

MILEAGE DISCLOSURE:  If you are aware that the mileage reflected on the vehicle's odometer is not accurate for any reason, please contact us so we can accurately report the vehicle's mileage.

INSURANCE RIGHTS: If you don't want to get your property back, call the insurance company or the dealer/original creditor to make sure that any insurance has been cancelled. You have a right to get credit for all premium refunds.

{See next page}

**RIGHTS OF DEFAULTING PARTIES UNDER CALIFORNIA AUTOMOBILE SALES FINANCE ACT**

YOU ARE IN DEFAULT UNDER YOUR CONTRACT AS FOLLOWS:

[X] Failure to make payment(s) due under the contract.　　　　[ ] Failure to obtain or maintain required insurance.

[ ] Seizure/Impound: Your vehicle has been seized by a governmental　　[ ] Other: _____
authority.

**HOW TO GET YOUR VEHICLE BACK**　(Send all payments/correspondence to the name and address shown on the letterhead on page 1)

[X] You may redeem the vehicle by following the instructions under "REDEEMING" below.

[X] You can restore the contract (cure the default) and pay future monthly payments as they become due by following the instructions under "REINSTATEMENT" below.

[ ] You may not cure the default and "REINSTATE" the contract because:

　[ ] The contract had, prior to the above described default, been reinstated once before within the last **12** months or twice before during the term of the contract.

　[ ] Other (Specify): _____

| REINSTATEMENT | | REDEEMING | |
|---|---|---|---|
| To REINSTATE you must do one or both of the following (as indicated) within **20** days from the date of this notice. | | To REDEEM you must do one or both of the following (as indicated) any time before the vehicle is sold. | |
| [X] Pay to Creditor the following amount: | | [X] Pay to the Creditor the following amount: | |
| Payment(s) past due | $ 1,011.75 | (a) Within 20 days from the date of this notice: | |
| Payment due 05/06/2018 | $ 1,011.75 | Unpaid contract balance | $ 38,316.77 |
| Default collection and delinquency charges | $ | Delinquency and collection charges | $ |
| Expenses of retaking the vehicle | $ 250.00 | Expenses of retaking the vehicle | $ 250.00 |
| Expenses of storing the vehicle | $ | Expenses of storing the vehicle | $ |
| **TOTAL** if paid before 05/06/2018 | $ 1,261.75 | Sub-Total | $ 38,566.77 |
| **TOTAL** if paid on/or between 05/06/2018 and 05/21/2018 | $ 2,273.50 | Less: Refund of unearned finance charge | $ |
| | | Unearned insurance premium | $ |

REINSTATEMENT column continued:

If you choose to extend your time to reinstate (see below for further explanation) additional payment(s) may become due during the extension period.  If so such payment(s) will not be required as a condition of reinstatement.  However, you will still remain responsible for such payment(s) under your contract.

You will also be responsible for payments or expenses that are incurred, or may become due that are either unknown or unavailable to the Creditor.

[ ] Other:

REDEEMING column continued:

**TOTAL AMOUNT REQUIRED TO REDEEM THE VEHICLE**　$ 38,566.77

If additional expenses are incurred or become due within this period, you will not be required to pay these amounts as a condition to redeem your vehicle, but you will still be responsible for such expenses under your contract.

If you choose to extend your time to redeem (see below for further explanation) additional expenses may become due during the extension period.  If so, such expenses will not be required as a condition of redemption.  However, you will still remain responsible for such expenses under your contract.

**-OR-**

(b) After 20 days, but before your vehicle is sold, you must pay the **TOTAL AMOUNT REQUIRED TO REDEEM THE VEHICLE** (above), **plus** additional expenses that are incurred, or may become due.

[ ] Other:

In addition to the reinstatement/redemption requirements above, in order to obtain the vehicle from us, you must also provide proof that you paid the $15.00 official fee for the report of repossession.  You must pay this fee to: WATSONVILLE P.D., 215 UNION ST., WATSONVILLE, CA, 95076.

We intend to dispose of the motor vehicle upon expiration of 20 days from the giving or mailing of this notice.  Upon written request (you may use the enclosed form for this purpose) personally served or sent by certified or registered mail, return receipt requested, to the name and address referenced in the enclosed form, and received before the expiration of the initial redemption and reinstatement periods, we will extend without further notice for an additional 10 days the redemption period and, if entitled, the reinstatement period described above.

After the vehicle is sold, you will be sent an accounting regarding the disposition of the vehicle. You may also personally serve or send a written request for an accounting to us, within 1 year of the date of disposition (or sale) of the vehicle. The written request must be personally served at **Ford Motor Credit Company, One Premier Place, 1st Floor Drop Box, Irvine, CA 92619** or sent first-class mail, postage prepaid, or certified mail, return receipt requested, to us at the name and address shown on the letterhead on page 1.

---

**NOTICE. YOU MAY BE SUBJECT TO SUIT AND LIABILITY IF THE AMOUNT OBTAINED UPON DISPOSITION OF THE VEHICLE IS INSUFFICIENT TO PAY THE CONTRACT BALANCE AND ANY OTHER AMOUNTS DUE.**

---

[ ] The law requires your vehicle be held for a 30 day impoundment period.  We cannot release the vehicle to you until after days even if you redeem or reinstate.

**Upon the disposition of your vehicle, you will be liable for the deficiency balance plus interest at the contract rate, or at the legal rate of interest pursuant to Section 3289 of the California Civil Code if there is no contract rate of interest, from date of disposition of your vehicle to the date of entry of judgment.**

ENCLOSURE

Ford Motor Credit Company
P.O. Box 64400
COLORADO SPRINGS, CO 80962-4400
(866) 466-6310

| Account Number: | ███ 0185 | |
|---|---|---|
| DESCRIPTION OF PROPERTY | | |
| Year | Make | |
| 2016 | FORD | |
| Vehicle Identification Number: 1FA6P8CF4G5318081 | | |
| Model | Body | |
| MUSTG | 2DR | |



ARCADIA GALLARDO

███████████

**Request For Extension of Redemption/Reinstatement Period**

To: Creditor

   The undersigned hereby requests that you extend for an additional 10 days the redemption period and, if entitled, the reinstatement period provided for in the Notice Of Our Plan To Sell Property received by the undersigned from you and dated  05-01-2018 .

Date Signed _____

Buyer, Co-Buyer or Guarantor

Note: This request must be personally served or sent by certified or registered mail, return receipt
    requested, to the Creditor office shown below. This request must be received before the
    expiration of the initial redemption/reinstatement period.

Requests sent by certified or registered mail, return
receipt requested, should be sent to:

Ford Motor Credit Company

P.O. Box 64400
Street & No.

COLORADO SPRINGS,          CO          80962-4400
City                                    State        Zip Code

Requests personally served should be delivered to:

Ford Motor Credit Company

3 Glen Bell Way

Irvine, CA 92618

FFNA 11821 May 17

***PRN***
Ford Motor Credit Company
P.O. Box 64400
COLORADO SPRINGS, CO 80962-4400
(866) 466-6310

P896MD00200005
ARCADIA GALLARDO



| Fecha del contrato | | Fecha de la notificación | |
|---|---|---|---|
| 05-22-2016 | | 05-01-2018 | |
| Número de la cuenta: | | 0185 | |
| Comprador: ARCADIA GALLARDO | | | |
| Cocomprador: | | | |
| **DESCRIPCION DEL VEHÍCULO** | | | |
| Año | Marca | | Modelo |
| 2016 | FORD | | MUSTG |
| Número de identificación del vehículo: | | 1FA6P8CF4G5318081 | |
| Nombre del distribuidor | | Teléfono del distribuidor | |
| SALINAS VALLEY FORD SALES | | (831) 444-4444 | |
| Dirección del distribuidor | | | |
| 1100 AUTO CENTER CIRCLE, SALINAS  CA  93907- | | | |

## NOTIFICACION DE NUESTRO PLAN DE VENDER LA PROPIEDAD

Nosotros estamos en posesión de su propiedad descrita arriba porque usted no ha cumplido con la promesa de pago bajo los términos de su contrato.

[X] **VENTA PRIVADA:** La propiedad descrita arriba será vendida en una venta privada en algún momento después de 20 días desde la fecha de la notificación indicada arriba.

[ ] **VENTA PUBLICA:** La propiedad descrita arriba será ofrecida para la venta en una subasta pública al mejor postor en la fecha indicada abajo (o cualquier aplazamiento de ésta). La venta se realizará de la siguiente manera.

| Fecha de la venta | Hora de la venta | Sitio de la venta |
|---|---|---|
| | | |
| | | |

Si usted desea puede asistir a la venta y traer postores.

El dinero que obtengamos de la venta (después de pagar nuestros gastos, incluyendo los gastos razonables de abogado y costos legales permitidos por la ley) reducirá el monto que usted debe. Si obtenemos menos cantidad de dinero de la que usted debe, usted nos deberá la diferencia. Si obtenemos una mayor cantidad de dinero de la que usted debe, usted recibirá el dinero extra, a no ser que tengamos que pagárselo a otra persona.

Usted puede recobrar su propiedad en cualquier momento antes de que nosotros la vendamos al pagarnos el monto total que usted debe (no sólo los pagos vencidos), incluyendo nuestros gastos. Para informarse sobre la cantidad exacta que debe pagar, llámenos al número de teléfono mencionado arriba.

Si usted desea que nosotros le expliquemos por escrito cómo hemos calculado el monto que usted nos debe, usted puede llamarnos al teléfono mencionado arriba, o escribirnos a la dirección mencionada arriba y solicitar una explicación por escrito.

Si usted necesita mayor información acerca de la venta llámenos al teléfono mencionado arriba, o escríbanos a la dirección mencionada arriba.

Estamos enviando esta notificación a las siguientes personas que tienen un interés en la propiedad descrita arriba, o que deben dinero bajo nuestro contrato: 1) Al comprador y cualesquier cocomprador mencionado arriba; 2) Cualesquier distribuidor mencionado abajo; 3) Si hay otras personas, están listadas en un documento adjunto a esta notificación.

Según las leyes de California, usted tiene otros derechos, incluido el derecho a tiempo extra para recuperar el vehículo. Posiblemente también tenga derecho a recuperar el vehículo pagando menos que el saldo total del contrato. Lea el aviso de DERECHOS DE LAS PARTES MOROSAS SEGÚN LA LEY DE FINANCIAMIENTO DE LAS VENTAS DE AUTOMÓVILES DE CALIFORNIA en la página 2 para obtener una descripción de estos derechos adicionales.

[X] Su vehículo se encuentra bajo la custodia del Acreedor y será enajenado por éste. Si se rescata el vehículo o se rehabilita el contrato, se podrá recuperar el vehículo en:
BRASHERS SACRAMENTO AUTO AUCTION , 6233 BLACKTOP ROAD , RIO LINDA  CA  95673

[X] **BIENES PERSONALES:** los Bienes Personales dados en garantía podrán recuperarse dentro de los próximos 60 días o, según las leyes del estado, comunicándose con esta oficina en la dirección o al número de teléfono que aparece en el membrete. En adelante, los bienes personales serán descartados según corresponda.

[ ] Es posible que el Acreedor haya cedido a un intermediario calificado (Intercambio de intermediario calificado, LLC) sus derechos (mas no sus obligaciones) respecto de la venta de cada vehículo enumerado precedentemente.

Envíe los pagos/la correspondencia al nombre y dirección que aparece en el membrete.

**DIVULGACIÓN DEL MILLAJE:** si se percata de que por algún motivo el millaje que aparece en el odómetro del vehículo no es exacto, comuníquese con nosotros para que podamos informarle el millaje del vehículo.

**DERECHOS DE SEGURO:** Si no desea recuperar su bien, llame a la compañía de seguro o al distribuidor/acreedor original para asegurarse de que se ha anulado el seguro. Tiene derecho a que se le acrediten todos los reembolsos por concepto de primas.

(Vea la página siguiente)

FFNA 11989-ST  May 17 NO podrán utilizarse ediciones anteriores
Impreso en EE. UU.de A                Página 1 de 2                CLIENTE/ARCHIVO DEL CLIENTE
                                                                   896MD_002 E00005-I000151 5/6

**DERECHOS DE LAS PARTES MOROSAS SEGÚN LA LEY DE FINANCIAMIENTO DE LAS VENTAS DE AUTOMÓVILES DE CALIFORNIA**

USTED SE ENCUENTRA EN CALIDAD DE MOROSO EN VIRTUD DE SU CONTRATO POR LO SIGUIENTE:

[X] Incumplimiento para realizar el/los pago(s) en virtud de este contrato.   [ ] No obtener ni mantener el seguro establecido.

[ ] Incautación/Detención cautelar: Su vehículo fue incautado por una autoridad gubernamental.   [ ] Otros: :_____

**CÓMO RECUPERAR SU VEHÍCULO** (Envíe todos los pagos/la correspondencia al nombre y dirección que aparece en la página 1).

[X] Puede rescatar el vehículo siguiendo las instrucciones bajo "RESCATE" a continuación.

[X] Usted puede restablecer el contrato (subsanar la mora) y realizar pagos mensuales futuros a medida que se generan los vencimientos según las instrucciones de "REHABILITACIÓN" que figuran más abajo.

[ ] Usted no se podrá subsanar la mora y "REHABILITAR" el contrato ya que:

    [ ] Previo a la morosidad descrita precedentemente, se había rehabilitado el contrato una vez dentro de los 12 últimos meses o dos veces durante la vigencia del mismo.

    [ ] Otros (Especifique):_____

| **REHABILITACIÓN** | **RESCATE** |
|---|---|

**REHABILITACIÓN**

Para REHABILITAR su contrato, debe realizar una de las acciones siguientes o ambas (según lo indicado) dentro de 20 días desde la fecha de este aviso.

[X] Pagar al Acreedor la suma siguiente:

| | | |
|---|---|---|
| Pago(s) vencido(s) | $ | 1,011.75 |
| Cantidad del pago debida  05/06/2018 | $ | 1,011.75 |
| Gastos de cobranza por atraso y morosidad | $ | |
| Gastos de recuperación del vehículo | $ | 250.00 |
| Gastos de mantenimiento del vehículo en depósito | $ | |
| TOTAL si pagado antes del 05/06/2018 | $ | 1,261.75 |
| TOTAL ísi el pago se realiza el /o entre el 05/06/2018 y el 05/21/2018 | $ | 2,273.50 |

Si ha optado por extender el plazo para rehabilitar (ver más información abajo), es posible que se generen cuotas adicionales con vencimiento durante el período de extensión. De ser así, tal/es cuota(s) no serán requeridas como condición de rehabilitación. Sin embargo, usted continuará siendo responsable de tal/es cuota(s) según lo establezca su contrato.

Asimismo, usted será responsable de los pagos o gastos incurridos o que puedan vencer y que el Acreedor desconozca o no pueda disponer.

[ ] Otros:

**RESCATE**

Para RESCATAR su vehículo, debe realizar una de las acciones siguientes o ambas (según lo indicado) en cualquier momento antes de que se venda el vehículo.

[X] Pagar al Acreedor la suma siguiente:

(a) Dentro de los 20 días desde la fecha de este aviso:

| | | |
|---|---|---|
| Saldo del contrato impago | $ | 38,316.77 |
| Gastos de morosidad y cobranza | $ | |
| Gastos de recuperación del vehículo | $ | 250.00 |
| Gastos de mantenimiento del vehículo en depósito | $ | |
| Sub-Total | $ | 38,566.77 |
| Menos: Reembolso de comisión financiera no devengada | $ | |
| Prima del seguro no devengada | $ | |

| | | |
|---|---|---|
| **TOTAL NECESARIO PARA RECUPERAR EL VEHÍCULO** | $ | 38,566.77 |

Si se incurre en gastos adicionales o que puedan vencer durante este período, no se le exigirá que pague estas sumas como condición de rescate del vehículo, pero seguirá siendo responsable de dichos gastos según lo establezca su contrato.

Si ha optado por extender el plazo de rescate (ver más información abajo), es posible que se generen gastos adicionales con vencimiento durante el período de extensión. De ser así, tales gastos no serán requeridos como condición de rescate. Sin embargo, usted continuará siendo responsable de tales gastos según lo establezca su contrato

**-O BIEN-**

(b) Después de 20 días, pero antes de la venta de su vehículo, debe abonar el TOTAL NECESARIO PARA RECUPERAR EL VEHÍCULO (mencionado anteriormente) más gastos adicionales incurridos o que puedan vencer.

[ ] Otros:

Además de los requerimientos de rehabilitaciones o rescates descritos anteriormente, para que pueda recuperar el vehículo que esté en nuestro poder, usted deberá brindarnos pruebas del pago del honorario oficial de $15.00 por el informe de recuperación. Usted deberá pagar estos honorarios a: WATSONVILLE P.D., 215 UNION ST., WATSONVILLE, CA, 95076.

Tenemos la intención de enajenar el vehículo motorizado al vencimiento de **20** días desde la entrega o envío de este aviso. Por requerimiento escrito (puede utilizar el formulario adjunto para este fin), entregado personalmente o por correo certificado, con acuse de recibo, al nombre y dirección de referencia en el formulario adjunto, y recibido antes del vencimiento de los períodos iniciales de rescate y rehabilitación, prorrogaremos sin previo aviso el período de rescate por otros 10 días y, si tiene derecho, el período de rehabilitación descrito más arriba.

Después de que se venda el vehículo, se le enviará una cuenta respecto a la disposición del vehículo. También tiene la posibilidad de entregarnos personalmente o enviarnos una solicitud de cuenta, por escrito, dentro de 1 año desde la fecha de enajenación (o venta) del vehículo. La solicitud escrita debe ser entregada personalmente a **Ford Motor Credit Company, One Premier Place, 1st Floor Drop Box, Irvine, CA  92619** o enviada por correo de primera clase, con franqueo prepagado, o por correo certificado y acuse de recibo, al nombre y dirección que aparece en la página 1.

---

**AVISO. TENGA EN CUENTA QUE USTED PUEDE ESTAR SUJETO A ACCIONES LEGALES Y A RESPONSABILIDAD SI LA SUMA OBTENIDA AL ENAJENAR EL VEHÍCULO ES INSUFICIENTE PARA PAGAR EL SALDO DEL CONTRATO Y OTRAS SUMAS ADEUDADAS.**

---

[ ] La ley exige que su vehículo sea retenido durante un período de detención cautelar de 30 días. No podemos liberar su vehículo hasta después de  días incluso en caso de rescate o rehabilitación.

Tras la enajenación de su vehículo, usted puede ser responsable del saldo faltante más intereses a la tasa establecida en el contrato, o a la tasa de interés legal según la Sección 3289 del Código Civil de California si el contrato no contempla una tasa de interés, desde la fecha de enajenación del vehículo hasta la fecha de inscripción de la sentencia.

ADJUNTO

CLIENTE/ARCHIVO DEL CLIENTE
896MD_002 E00005-I000152 6/8

Ford Motor Credit Company
P.O. Box 64400
COLORADO SPRINGS , CO 80962-4400
(866) 466-6310

ARCADIA GALLARDO

| Número de cuenta: | ██D185 |
| --- | --- |

| DESCRIPCION DE LA PROPIEDAD | |
| --- | --- |
| Año | Marca |
| 2016 | FORD |
| Número de identificación del vehículo 1FA6P8CF4G5318081 | |
| Modelo MUSTG | Carrocería 2DR |

### Solicitud de Extensión del Período de Redención/Período de Restablecimiento

Al: Acreedor

Por la presente el que suscribe solicita extender 10 días adicionales de período de extensión de redención y, si tuviera derecho, el período de restablecimiento ofrecido en la Notificación de nuestro plan de vender la propiedad recibido de usted por el suscrito y fechado   05-01-2018   .

_____
Comprador, Cocomprador o Garante

Fecha de la firma: _____

Aviso: Esta solicitud debe ser entregada personalmente o enviada por correo certificado o registrado con solicitud de acuso de recibo, a la oficina del Acreedor indicada abajo. Esta solicitud se debe recibir antes de la expiración del período inicial de redención/restablecimiento.

Las solicitudes enviadas por correo certificado o registrado con solicitud de acuso de recibo, deben ser enviadas a:

Ford Motor Credit Company _____

P.O. Box 64400 _____
Dirección
COLORADO SPRINGS,        CO        80962-4400
Ciudad                              Estado    Código de área

Las solicitudes entregadas personalmente, deben ser entregadas en:

Ford Motor Credit Company _____

3 Glen Bell Way _____

Irvine, CA 92618 _____

_____

FFNA 11821-ST  May 17

## RECIBO DE TRADUCCION

El suscrito acusa recibo de una traducción en el lenguaje español del modelo de convenio en blanco al cual se le agrega este recibo.

## RECEIPT FOR TRANSLATION

The undersigned acknowledge receipt of a Spanish language translation of the form of agreement to which this receipt is attached.

_____
Firma/Signature


_____
Firma/Signature

FCNA 11863-ST August 99

Ford Motor Credit Company
P.O. Box 64400
COLORADO SPRINGS,  CO 80962-4400
(866) 466-6310

P896MD00200005
ARCADIA GALLARDO



USPS CERTIFIED MAIL™

9214 8900 6400 0105 3990 06